THOMAS, Judge,
concurring in the result.
I concur to reverse the Lauderdale Juvenile Court’s judgment and to remand the causes to the juvenile court; however, I would do so because the findings in the judgment- entered in the actions are contradictory: We have been asked to review a judgment entered in two separate' actions in which a nonparent sought to terminate the parental rights of J.C.D. (“the father”) to A.G.D. and A.J.D. (“the children”).
“The law governing the termination of parental rights is well settled. Where, as here, the petitioner is a nonparent, our courts use a two-pronged test to *903 determine whether to terminate parental rights:
“ ‘A. juvenile court is required to apply a two-pronged test in determining whether to terminate parental rights: (1) clear and -convincing evidence must support a finding that the child is dependent; and (2) the court must properly consider and reject all viable alternatives to a termination of parental rights. Ex parte Beasley, 564 So.2d 950, [954] (Ala.1990).’ ”
J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1186 (Ala.Civ.App.2007) (quoting B.M. v. State, 895 So.2d 319, 331 (Ala.Civ.App.2004)).
In a separate judgment entered in the two actions, which is not before this court for review, the juvenile court declined to terminate of the parental rights of S.B. (“the mother”) upon its finding that the children were dependent but that a viable alternative to terminating the mother’s parental rights existed. However, instead of allowing the mother to, for example, exercise liberal visitation, the juvenile court required the Lauderdale Department of Human Resources (“DHR”) to begin “immediate efforts to return or reunify custody of the ... children to the ... mother ..., within ninety (90) days of the date of this order.”
By definition, a child is not “dependent” if a child has “a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.” § 12-15-102(8)a.2. The juvenile court could not have properly adjudicated the children dependent- and returned them to the custody of the mother. Regardless, neither DHR nor the children’s-guardian ad litem filed appeals regarding the juvenile court’s award of custody of the children to the mother.
By extension, the judgment terminating the father’s parental rights to the children is also contradictory. In that judgment the juvenile court also adjudicated the children dependent, but it terminated the father’s parental rights. Again, the children did not meet the definition of “dependent” because the juvenile court had awarded their custody to the mother.
Therefore, I agree that this court must reverse the judgment terminating the father’s parental rights and remand the causes. However, I find the main opinion’s further' exploration of the evidence presented by DHR regarding the father unnecessary and improper. In my opinion, once this court concluded that clear and convincing evidence does not support a finding that the children are dependent, it became unnecessary and inappropriate to inquire as to whether the juvenile court properly considered and rejected all viable alternatives to the termination of the father’s parental rights.
My decision to concur' in the result should not be read as an agreement that Ex parte Beasley, 564 So.2d 950 (Ala.1990), is an opinion in which our supreme court explored the issue of irremediable unfitness of a parent. 180 So.3d at 901. Moreover, I do not agree with the generalization that this court has “consistently held that termination of the parental rights of a noncustodial parent is not appropriate in cases in which the children - can safely re-' side with the custodial parent and the continuation of the noncustodial parent’s relationship does not present any harm to the children.” 180 So.3d at 901. We have also held that termination of parental rights of a noncustodial parent may well be appropriate when it is proved that there is no parent-child relationship to protect, K.P. v. Etowah Cnty. Dep’t of Human Res., 43 So.3d 602, 608 (Ala.Civ.App.2010); that a parent is irremediably unfit, A.E.T. v. Limestone Cnty. Dep’t of Human Res., 49 So.3d 1212, 1214 (Ala.Civ.App.2010); or *904 that a parent has abandoned a child. T.M. v. M.D., 160 So.3d 1, 2 (Ala.Civ.App.2014), cert. denied, Ex parte T.M., 160 So.3d 10, 12 (Ala.2014).